IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs December 18, 2012

## STATE OF TENNESSEE v. DEMETREE PTOMEY

**Appeal from the Criminal Court for Sullivan County**
**No.  S58,819    Robert H. Montgomery, Jr., Judge**

_____

**No. E2012-01322-CCA-R3-CD - Filed January 23, 2013**

_____

The Defendant, Demetree Ptomey, appeals the Sullivan County Criminal Court's order revoking his probation for possession of oxycodone for sale or delivery, a Class C felony, and ordering his five-year sentence into execution. On appeal, the Defendant contends that the trial court erred in ordering him to serve his sentence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Daniel J. Cantwell, Kingsport, Tennessee, for the appellant, Demetree Ptomey.

Robert E. Cooper, Jr., Attorney General and Reporter; Brent C. Cherry, Senior Counsel; Barry P. Staubus, District Attorney General; and William Harper and Lewis Combs, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

According to the judgment, the Defendant committed the underlying offense on August 30, 2010. He pleaded guilty on March 25, 2011, and was sentenced by a judgment filed on March 30, 2011, to five years' probation consecutive to his sentence in another case. On February 18, 2012, he committed three assaults on an officer. A probation violation warrant for the present case was filed on March 5, 2012. The Defendant pleaded guilty to the allegations of the violation warrant, that he violated two rules of probation by committing the three assault on an officer offenses.

At the hearing on the consequences of the probation violation, the Defendant testified that he dropped out of school at age sixteen when his son was born but obtained his "G.E.D." during his most recent incarceration. He said that his son was ten years old and that he was unable to make child support payments due to his incarceration. He said that aside from periods of incarceration, he had been steadily employed since moving to the area in 2005. He had a painting certificate from a Job Corps program. He had juvenile adjudications for possession of stolen goods and breaking and entering. He said, "I have had a problem with drugs." During his most recent twenty-one-month incarceration, he had completed a cognitive renewal class and participated in Bible study and a drug and alcohol class. The Defendant said he had reevaluated his life and realized he had continued to have problems because he "surrounded [himself] with drugs." He said that his incarceration had helped him to accomplish new things and that he wanted to be a productive citizen rather than a drug dealer. He wanted to pursue higher education in zoology. He said he had bipolar disorder, anxiety, and panic attacks. He said he failed a drug test but provided proof of a prescription and was "cleared."

Upon questioning by the court, the Defendant acknowledged that he received a three-year sentence in August 2008, that a violation warrant was filed in October 2008, and that he remained in custody until December 24, 2008. The court noted that another violation warrant was filed on April 15, 2010. The Defendant said the court released him on bond for the April 2010 violation warrant, which involved criminal trespass. The Defendant acknowledged that while on bond, he was arrested for the drug offense underlying the present case. He agreed that he accepted a plea offer in the present case that allowed him five years' probation for the offense but required him to serve his previous three-year sentence. The Defendant acknowledged another probation violation for testing positive for marijuana on an undisclosed date. The court noted that the Defendant had four probation violations.

The trial court found that the Defendant had violated probation on four occasions and that relative to the present case, he committed new offenses while serving his sentence. The court stated that further probation was not appropriate and ordered the Defendant to serve his five-year sentence. This appeal followed.

The Defendant contends that the trial court abused its discretion in ordering him to serve his sentence in the Department of Correction. He argues that he has made positive steps to rehabilitate himself. The State responds that the evidence supports the trial court's ordering the Defendant's sentence into execution. We agree with the State.

A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e)

(2010).  "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge."  State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991) (citing Carver v. State, 570 S.W.2d 872 (Tenn. Crim. App. 1978)).  If a trial court revokes a defendant's probation, its options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years.  T.C.A. §§ 40-35-308(a), (c), -310 (2010); see State v. Hunter, 1 S.W.3d 643, 648 (Tenn. 1999).  The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion.  See State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981).  In order for this court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred."  State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001).

The Defendant pleaded guilty to the allegations of the violation warrant.  The only question is whether the trial court exercised proper discretion in ordering the Defendant to serve his original sentence.  In this regard, the record reflects that the Defendant was given previous reprieves from incarceration but that he repeatedly violated the terms of probation.  Although the Defendant professed a desire to live a productive lifestyle, he did not avail himself of the opportunity to do so when granted probation in the past.  The trial court did not abuse its discretion in ordering the Defendant to serve his sentence.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON,  PRESIDING JUDGE