# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 1, 2013

## STATE OF TENNESSEE v. WESLEY CHAD BOUTERIE

**Appeal from the Circuit Court for Hardin County**
**No. 9260     C. Creed McGinley, Judge**

───────────────────

**No. W2013-00625-CCA-R3-CD  - Filed November 15, 2013**

───────────────────

The Defendant, Wesley Chad Bouterie, appeals the Hardin County Circuit Court's order revoking his probation for convictions for selling one-half gram or more of methamphetamine and selling four oxycodone tablets and ordering his effective eight-year sentence into execution.  The Defendant contends that the trial court abused its discretion by revoking his probation.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Guy T. Wilkinson, District Public Defender; and Frankie Stanfill, Assistant Public Defender, for the appellant, Wesley Chad Bouterie.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Hansel J. McCadams, District Attorney General; and Eddie N. McDaniel, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On October 12, 2010, the Defendant pleaded guilty to two counts of selling controlled substances and was sentenced to an effective eight years on probation after serving 120 days in confinement.  On August 10, 2011, a probation violation report was submitted to the trial court, alleging that the Defendant violated the probation condition prohibiting him from excessive use of intoxicants or possessing narcotic drugs or marijuana.  The report alleged that the Defendant was discharged from Tri-County Outreach Rehabilitation after testing positive for cocaine and benzodiazepines.  The report stated that the Defendant entered the rehabilitation program in May 2011 and was discharged on August 4, 2011.  On October 14,

2011, the probation violation warrant was dismissed, and the Defendant was returned to probation.

On October 11, 2012, a probation violation report was submitted to the trial court, alleging that the Defendant tested positive for methamphetamine, amphetamine, benzodiazepine, and marijuana after being treated at the Hardin County Medical Center. On October 11, 2012, a probation violation warrant was issued and is the subject of this appeal.

At the revocation hearing, the Defendant admitted violating the conditions of his probation by testing positive for drugs when he was treated for injuries he sustained after being robbed at gunpoint and pistol whipped. Counsel told the trial court that the Defendant was prescribed "some of the drugs" for which he tested positive, although he did not identify the prescribed drugs. The Defendant asked for the court's permission to attend "Teen Challenge," an outpatient program, in lieu of serving his sentence. Counsel stated that John Crane offered to hire the Defendant as a painter if he were permitted to attend Teen Challenge.

The trial court stated at the beginning of the revocation hearing that a previous probation violation warrant was filed and that it recalled being "offended" because the rehabilitation center had the Defendant working at a "beer joint." The prosecutor stated that he had a colleague investigate the Defendant's claim that the rehabilitation center required him to work at a bar. The prosecutor told the court that the Defendant's story "did not hold water." The court noted that it gave the Defendant "a break" on the previous violation and that the Defendant had tested positive for "a drugstore" at the hospital. The court noted that even if the Defendant was prescribed some of the medications for which he tested positive, he did not have a prescription for marijuana unless he was diagnosed with cancer and that it was unlikely he was prescribed amphetamines. No evidence was presented regarding the Defendant's prescription medications.

The trial court stated that it did not believe the Defendant's excuses and found that the Defendant willfully and defiantly violated the conditions of his probation by testing positive for drugs. The court noted that it provided the Defendant multiple opportunities to "reform his conduct to the requirements of the law." The court revoked the Defendant's probation and ordered his eight-year sentence into execution. This appeal followed.

The Defendant contends that the trial court abused its discretion by revoking his probation. He argues that the State failed to establish by a preponderance of the evidence that he violated the conditions of his probation because he was receiving medical treatment for injuries incurred when he was robbed and pistol whipped and was prescribed "some of

the drugs" found in his bloodstream. The State responds that the court properly revoked the Defendant's probation. We agree with the State.

A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2010). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991) (citing *Carver v. State*, 570 S.W.2d 872 (Tenn. Crim. App. 1978)). If a trial court revokes a defendant's probation, its options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35-308(a), (c), -310 (2010); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999). The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion. *See State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981). In order for this court to find an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001).

The Defendant admitted violating a condition of his probation because he tested positive for methamphetamine, amphetamine, benzodiazepine, and marijuana. Although the Defendant claimed that he received medical treatment after sustaining injuries from an armed robbery, this assertion, even if true, does not justify his using the substances found in his bloodstream. Likewise, although the Defendant claimed to be prescribed "some of the drugs" found in his bloodstream, no prescriptions were presented to the court, and counsel did not identify the substances the Defendant was allegedly prescribed. The trial court found that the Defendant had tested positive for "a drugstore" and noted that unless the Defendant was diagnosed with cancer, he did not have a prescription for marijuana and that it was unlikely he was prescribed amphetamines. No evidence was presented showing otherwise. The court properly found that the Defendant violated his probation. Upon finding that the Defendant violated a condition of his probation, the court had the authority to revoke his probation and order his eight-year sentence into execution. The trial court did not abuse its discretion.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE