**Ted CARVER, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee.

July 11, 1978.

Certiorari Denied by Supreme Court
Aug. 28, 1978.

Thomas E. Mitchell and Ferdinand Powell, Jr., Johnson City, for appellant.

Brooks McLemore, Jr., Atty. Gen., Robert L. Jolley, Jr., Asst. Atty. Gen., Nashville, William R. Mooney, Asst. Dist. Atty. Gen., Johnson City, for appellee.

## OPINION

TATUM, Judge.

The appellant, Ted Carver, appeals from the judgment of the Criminal Court revoking his probation and requiring him to serve sixteen concurrent sentences of not less than three years nor more than four years in the State Penitentiary, for receiving and concealing stolen property. The trial court revoked probation after an evidentiary hearing and a finding that he had violated the terms of probation by possessing marijuana. The judgment of the Criminal Court is affirmed.

In two assignments of error, the appellant complains of the Criminal Court's refusal to require the State to disclose the name of an informant who told police officers that his Ford van contained marijuana. The appellant filed a pre-trial motion seeking to require the State to disclose the name of this informant and the motion was supported by an affidavit. At the beginning of the evidentiary hearing, the appellant testified that he adopted the affidavit by reference, but the affidavit was not made a part of the Bill of Exceptions and was not authenticated by the trial judge, though it does appear in the Technical Record. When an affidavit is not made a part of the Bill of Exceptions, though copied into the Technical Record, it cannot be considered on appeal for any purpose. *Driscoll v. State*, 191 Tenn. 186, 232 S.W.2d 28 (1950); *Letner v. State*, Tenn.Cr.App., 512 S.W.2d 643 (1974). Therefore, in considering the evidence, we cannot look to the affidavit, but are restricted to the contents of the Bill of Exceptions.

The State's evidence was that on the evening of 25 January 1978, two police officers, with the consent of the appellant, searched his van and found five plastic bags containing marijuana, wrapped in a green paper bag. The officers requested permission for the search acting "on information." The trial judge refused to require the police officers to give the name of the person who furnished the information.

The appellant testified that he had no knowledge of the marijuana and that he was not aware of it being in his van until the officers found it under the dash. He testified that he had been told by one of the officers that the officer "had been informed" that the appellant was "dealing in marijuana." The appellant named several persons who had a grudge against him, but could give no facts suggesting that any one of them placed the marijuana in his van.

The appellant had never seen marijuana before and had never seen the green bag before. If his fingerprints were on the green bag, it was because two or three of these green bags were brought into his restaurant when he was decorating for Christmas. The green bags used during the decorating were discarded in the dumpster.

No one but the appellant had used his van that day. An employee had used the van three or four days prior to the finding of marijuana, but the employee had no known grudge against him. When the appellant left the store that night, he locked the van, but it had not been locked during the day. He testified that the officers placed him under arrest for possessing marijuana before they opened the green bag.

It is the appellant's theory that he was entitled to the identity of the informant so that the informant could be subpoenaed to testify "that appellant was not connected with the marijuana found in the vehicle." The appellant speculates that the informer would testify that he (the informer) planted the marijuana in the appellant's van. The State contends that the identity of the informer is privileged.

The leading case on this proposition is *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), in which the United States Supreme Court reversed a conviction for a drug violation when it appeared from the evidence that the informer was an active participant in the illegal activity and it was made to appear that the testimony of the informer was "highly material." This court was faced with a similar factual situation in *Roberts v. State,* Tenn. Cr.App., 489 S.W.2d 263 (1972). On the question of when the identity of the informer must be given to a defendant, the *Roviaro* court said:

We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

This court, in *Roberts, supra,* adopted the above-quoted language and held:

It is the general law, subject to certain exceptions and limitations, that the prosecution is privileged to withhold from an accused the identity of an informer. See *Simmons v. State,* 198 Tenn. 587, 281 S.W.2d 487. This practically universal rule is predicated on public policy and seeks to encourage citizens to assist in crime detection and prevention by giving information to law enforcement officials without unduly exposing themselves to the danger inherent in such laudable activity and to make possible their continued usefulness in future disclosures that the revelation of their identity would probably hamper and prevent. ". . . *[I]t should be a discretionary matter with the trial judge, as to whether the name of the informant is given or not . . ."* *Simmons v. State, supra.* [Emphasis supplied]

We think that the circumstances of this case differ crucially from those cases in which disclosure was required. We hold that the trial judge did not abuse his discretion and that it was not error to refuse to require the State to divulge the identity of the informer.

Here, we are dealing with an individual, not shown to be an active participant, who communicates knowledge to police officers who, acting independently, procure evidence of the crime. We are not dealing with one shown to be an active participant in the crime nor with one shown to have been present and able to testify directly about the very transaction constituting the crime as in the *Roviaro* and *Roberts* cases. Nor is this a situation in which the informer is a person with whom the accused is charged to have been dealing, such as an indictment alleging a sale to anonymous with anonymous being the informer. The fact that an informer existed, contributed

nothing to the State's case; the evidence favorable to the State would have been the same if no mention had been made of the informer. See *Miller v. United States,* 5 Cir., 273 F.2d 279 (1959).

The appellant speculates that one of the persons mentioned by him who might have had a grudge against him could have been the individual who placed the marijuana in his van and he further speculates that such person might have been the informer, but none of this is supported by any evidence. In considering this proposition, we adopt the conclusion reached by the 5th Circuit, United States Court of Appeals, in *Miller v. United States, supra* as follows:

> But this is but a belated suggestion of a possibility as the record does not, as, for example, it did in *Roviaro* and *Gilmore* [*Gilmore v. United States,* 5 Cir., 256 F.2d 565], supra, reveal any factual basis for the assertion that "it is well within the realm of probability." If the informer's relation to the acts leading directly to or constituting the crime may be assumed from a fertile imagination of counsel, the Government in practically every case would have to prove affirmatively that the informant had not done any such likely acts. Having done that, all would be revealed and the informer privilege, deemed essential for the public interest,

for all practical purposes would be no more.

The issue of whether the marijuana had been placed in the appellant's vehicle by someone else went to the credibility of the appellant's testimony, denying that he placed the marijuana in his vehicle or had any knowledge of it. In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge. *Bledsoe v. State,* 215 Tenn. 553, 387 S.W.2d 811 (1965). The trial judge's findings in probation revocation proceedings have the weight of a jury verdict. *Jenkins v. State,* Tenn.Cr.App., 496 S.W.2d 521 (1973); *Raper v. State,* 3 Tenn.Cr.App. 406, 462 S.W.2d 261 (1970). The trial judge's determination of credibility was against the appellant.

The judgment of the Criminal Court is affirmed.

WALKER and DUNCAN, JJ., concur.