IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 28, 2010

## STATE OF TENNESSEE v. CHARLES EDWARD BROWN, III

**Appeal from the Criminal Court for Hamilton County**
**No. 251809     Barry A. Steelman, Judge**

_____

**No. E2009-01921-CCA-R3-CD - Filed September 30, 2010**

_____

The Defendant, Charles Edward Brown, appeals the Hamilton County Criminal Court's order revoking his probation for domestic aggravated assault, a Class C felony, and ordering the remainder of his eight-year sentence into execution. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and J.C. MCLIN, JJ., joined.

Kyonztè L. N. Hughes, LaVergne, Tennessee, for the appellant(s), Charles Edward Brown, III.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; William H. Cox, III, District Attorney General; and Steven E. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Defendant pled guilty on January 14, 2005, to the domestic aggravated assault of his wife, Mildred Brown. He received an eight-year suspended sentence, with credit given for six-months' confinement, and the remainder of the sentence to be served on intensive probation. On April 28, 2009, Stephanie Anders, the Defendant's probation officer, filed a probation violation report alleging that the Defendant was arrested on a new criminal charge, failed to report that arrest, and engaged in assaultive, abusive, threatening, or intimidating behavior.

At the revocation hearing, Ms. Anders testified that the Defendant's probation was revoked or modified on two earlier occasions but that the Defendant was "fairly compliant" under her supervision. She said she filed the current probation violation report against the Defendant due to a new arrest for domestic aggravated assault. She said the victim of the assault was Ms. Brown. She said the Defendant failed to inform her of that arrest as required as a condition of his probation.

Mildred Brown testified that the Defendant pulled a gun on her at the Hamilton Inn and threatened her life. She said she lived at the Inn with her son in order to get away from the Defendant, whom she was in the process of divorcing. She said the Defendant was diagnosed as a "bipolar schizophrenic paranoid." She said the Defendant had been drinking alcohol recently, which adversely affected his mental health, and had been acting "irate."

Ms. Brown testified that she and her son were returning to their room at the Inn when the Defendant knocked her to the ground and said "B----, I'm going to kill you." She said she saw the Defendant holding a gun as she got up but could not remember in which hand he held it. She said that she instructed her son to go to their room but that he refused. She said the Defendant threatened to kill her son. Ms. Brown said the Defendant took her car keys, which had a container of mace attached, and sprayed her in the face with the mace. She said the Defendant must have put away the gun before spraying her. She said that she then stabbed the Defendant with a knife she used for work. She stated that her son and a hotel guest were able to separate the Defendant and her and that a hotel guest called the police. She said the Defendant kept her car keys and fled the scene in her car.

Chattanooga City Police Officer Gary Williams testified that he stopped the Defendant after seeing him run a red light. He said the Defendant stated that he was driving to the hospital. Officer Williams said he allowed the Defendant to go to the hospital after seeing a wound on the Defendant's hand. He said that while he followed the Defendant to the hospital, he heard a radio transmission dispatching officers to the Hamilton Inn to respond to an assault. He informed the officers that he believed he was following a person involved in the assault.

Officer Williams testified that after arriving at the hospital, he noticed a strong smell of alcohol coming from the Defendant and that he believed the Defendant to be drunk. He said the Defendant was being disorderly and repeated, "Just put me in jail, I know you're going to anyway." He said the police did not find a gun on the Defendant or in the car he drove but did recover Ms. Brown's car keys from the Defendant. He said he arrested the Defendant for domestic aggravated assault after speaking with officers at the Hamilton Inn.

Bernice Robinson, the Defendant's mother, testified that the Defendant had been living at her house and that she drove him to the Hamilton Inn on the day of his arrest. She said that the Defendant did not have a gun with him and that he had not been drinking because she did not allow guns or alcohol in her house. She said she did not smell alcohol on the Defendant. She said that the Defendant had a drinking problem and that she was aware he had multiple arrests for public intoxication.

The Defendant testified that he and Ms. Brown were having marital problems and that they both moved out of their shared home. He said that he lost his keys to the home and that he went to the Hamilton Inn to borrow her keys. The Defendant said that Ms. Brown handed him her key ring and that he was attempting to remove the house key from the key ring when she pulled out a knife. He said that they had been arguing before she took out the knife and that he cut his hand as he attempted to take the knife away from her. He said she had pulled a knife on him many times in the past. The Defendant said that he did not knock down Ms. Brown and that he did not threaten her life or her son's life. The Defendant said he did not have a gun at the Inn.

The Defendant testified that after arriving at the hospital, he told Officer Williams that he and Ms. Brown had an altercation. He said he did not provide details regarding the altercation because he did not want Ms. Brown to be jailed. He said he told Officer Williams that Ms. Brown would "tell a lie on me when she get into a situation like that. . . because she thought that I was going to have her locked up for cutting me . . . ." He said Officer Williams confused his excitement at the hospital with intoxication. He originally said that he did not drink any alcohol before going to the Hamilton Inn but later said that he might have had one beer. He said he received eight stitches on his hand. He said he used the telephone at the jail but did not call his probation officer to tell her of his arrest.

The trial court found that the testimony of Officer Williams and Ms. Brown was credible and that the testimony of the Defendant was not credible. The trial court found by a preponderance of the evidence that the Defendant violated the conditions of his probation. The trial court revoked the Defendant's probation and ordered the remainder of his eight-year sentence into execution.

On appeal, the Defendant argues that the trial court erred in revoking his probation and ordering him to serve the remainder of his sentence in confinement because there was insufficient proof that he violated his probation. The State argues that the trial court did not abuse its discretion. We agree with the State.

A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-

311(e). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991) (citing Carver v. State, 570 S.W.2d 872 (Tenn. Crim. App. 1978)). If a trial court revokes a defendant's probation, its options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A. §§ 40-35–308(a), (c), -310; see State v. Hunter, 1 S.W.3d 643, 648 (Tenn. 1999). The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless it appears that there has been an abuse of discretion. See State v. Williamson, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981).

Here, the record contains sufficient proof that the Defendant violated the conditions of his probation. The Defendant was required to report all arrests to his probation officer immediately, regardless of the outcome. The Defendant failed to report his arrest to Ms. Anders. This alone constituted sufficient proof to support the court's finding that the Defendant violated his probation. Additionally, Ms. Brown's accredited testimony established that the Defendant threatened her with a gun, verbally threatened her and her son's lives, and sprayed her in the face with mace. We defer to the trial court's determinations of credibility. See Mitchell, 810 S.W.2d at 735. The record reflects that the trial court properly found that the Defendant violated his probation and that it exercised proper discretion in revoking the Defendant's probation and ordering the Defendant to serve the remainder of his sentence.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON,  PRESIDING JUDGE