# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE v. JON MICHAEL ANSEMAN

**Appeal from the Circuit Court for Blount County**
**No. C-16493, 94    David R. Duggan, Judge**

---

**No. E2010-00316-CCA-R3-CD - Filed October 11, 2010**

---

The defendant, Jon Michael Anseman, appeals the Blount Court Circuit Court's order revoking his probation, and the State has moved this court to summarily affirm the circuit court's order pursuant to Rule 20 of the rules of this court. The motion is well taken, and the order of the circuit court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal); and Mack Garner, District Public Defender (at trial), for the appellant, Jon Michael Anseman.

Robert E. Cooper, Attorney General & Reporter; Renee W. Turner, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Tammy Harrington, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

In 2007, the circuit court suspended the defendant's three-year sentence for convictions of burglary and theft. In 2009, the State filed a probation violation report claiming that the defendant moved without reporting his change of address, tested positive for marijuana on a drug screen, failed to report to his probation officer, and failed to maintain employment and to pay his court costs. The violation report and resulting warrant were later amended to allege that the defendant had been arrested in May 2009 for theft and burglary in Florida.

In the January 2010 revocation hearing, the defendant admitted testing positive for marijuana, failing to report to his probation officer, moving without informing the officer of the change of address, and acquiring a conviction of theft in Florida. The circuit court based its decision to revoke probation on these grounds as well as the defendant's failure to pay court costs. On appeal, the defendant does not dispute that he violated the terms of his probation; rather, he maintains that extenuating circumstances attended the violations and that the order of confinement for the duration of the original sentence was excessive.

"The standard of review upon appeal of an order revoking probation is the abuse of discretion standard." *State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). A trial court may revoke a sentence of probation upon a finding by a preponderance of the evidence that the defendant has violated the conditions of his release. T.C.A. § 40-35-311(e) (2006). Upon finding a violation, the trial court may "revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980). The trial court, as the trier of fact in a probation revocation hearing, determines the credibility of witnesses. *See generally State v. Mitchell*, 810 S.W.2d 733 (Tenn. Crim. App. 1991); *see also Carver v. State*, 570 S.W.2d 872 (Tenn. Crim. App. 1978). Furthermore, when probation is revoked, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310. The trial judge retains the discretionary authority to order the defendant to serve the original sentence. *See State v. Duke*, 902 S.W.2d 424, 427 (Tenn. Crim. App. 1995).

In the present case, a plethora of violations underpin the circuit court's order of revocation and confinement. One of the violations entailed the commission of a theft, one of the crimes for which the defendant had been placed on probation originally . We hold that the circuit court did not abuse its discretion by revoking the defendant's probation and by ordering him to serve his sentence in confinement. Therefore, we affirm the circuit court's order pursuant to Rule 20. *See* Tenn. R. Ct. Crim. App. 20.

_____
JAMES CURWOOD WITT, JR., JUDGE