# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs December 18, 2013

## STATE OF TENNESSEE v. CHRISTOPHER NEAL NOON

**Appeal from the Circuit Court for Sevier County**
**No. 17631      Rex Henry Ogle, Judge**

**No. E2013-01056-CCA-R3-CD - Filed January 13, 2014**

The Defendant, Christopher Neal Noon, appeals the Sevier County Circuit Court's order revoking his probation for convictions for the sale of a Schedule II controlled substance and theft of property valued at less than $500 and ordering his effective three-year sentence into execution. The Defendant contends that the trial court abused its discretion by revoking his probation. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROGER A. PAGE, JJ., joined.

Edward Cantrell Miller, District Public Defender; and Amber D. Haas, Assistant District Public Defender, for the appellant, Christopher Neal Noon.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; James B. (Jimmy) Dunn, District Attorney General; and Ronald Crockett Newcomb, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On December 10, 2012, the Defendant pleaded guilty to the sale of a Schedule II controlled substance and theft of property valued at less than $500 and was sentenced to an effective three years, suspended after time served to supervised probation. On February 26, 2013, a probation violation report was filed alleging that the Defendant failed to report as instructed on January 31, 2013, failed to produce a urine sample as directed on January 30, 2013, failed to report for a drug screen as directed on January 31, 2013, owed $855 in supervision fees and $1819 in court costs on docket number CR17631-III, and failed to submit to an "A&D" assessment as ordered by the court.

At the revocation hearing, the probation officer told the trial court that the Defendant failed to report on January 31, 2013, between 8:00 and 8:30 a.m., which he was instructed to do after failing to produce a urine sample for a drug screen on January 30, and that the Defendant had not received an A&D assessment. The probation officer said the Defendant's convictions occurred in the summer of 2012.

The Defendant was sworn, but the record does not reflect that he took the witness stand. When counsel asked if the Defendant wanted to address the court, the Defendant said he was unaware he had to return to the probation office the next day and was later told it was policy.

Upon questioning by the trial court, counsel stated that the Defendant received a three-year sentence, and the Defendant said he had served forty-two days in jail. Counsel did not have the Defendant's criminal history. The court noted that the Defendant had three probation violations on previous convictions, a felony drug conviction, an assault conviction, and driving under the influence (DUI) convictions, one of which was a felony because he received a two-year sentence. The Defendant admitted he was convicted of fourth-offense DUI in 2009 and said Ms. Ramsey told him a social worker could be assigned to assist him in obtaining rehabilitation.

Based on the Defendant's previous violations and his "rather extensive" criminal history, the trial court revoked his probation and ordered the remainder of his sentence into execution. The court found that the Defendant failed to report as instructed and failed to produce a urine sample. This appeal followed.

The Defendant contends that the trial court abused its discretion by revoking his probation. He argues that he had only been on probation for six weeks at the time he failed to produce a urine sample, report, and submit to an A&D assessment, that he did not know he was required to report the following day, and that he still had time to complete the assessment and follow the recommendations. The State responds that the court properly revoked the Defendant's probation. We agree with the State.

A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2010). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991) (citing *Carver v. State*, 570 S.W.2d 872 (Tenn. Crim. App. 1978)). If a trial court revokes a defendant's probation, its options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years. T.C.A.

§§ 40-35-308(a), (c), -310 (2010); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999). The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion. *See State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981).

The Defendant testified that he was unaware he had to return to the probation office the day after he failed to produce a urine sample, admitting he did not report as required. The trial court found that the Defendant failed to report and failed to produce a urine sample. No evidence showed otherwise. The court properly found that the Defendant violated his probation. Upon finding that the Defendant violated a condition of his probation, the court had the authority to revoke his probation and order his three-year sentence into execution. The trial court did not abuse its discretion.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE