# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs February 25, 2014

## STATE OF TENNESSEE v. MICHAEL ANTHONY FRANK

**Appeal from the Circuit Court for Blount County**
**No. C-18545    Tammy Harrington, Judge**

---

**No. E2013-01859-CCA-R3-CD - Filed March 11, 2014**

---

The Defendant, Michael Anthony Frank, appeals the Blount County Circuit Court's order revoking his probation for his robbery conviction and ordering his three-year sentence into execution. The Defendant contends that the trial court abused its discretion in ordering him to serve the balance of his sentence in confinement. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

J. Liddell Kirk (on appeal), Knoxville, Tennessee; Raymond Mack Garner, District Public Defender; and Matthew Elrod, Assistant District Public Defender (at post-conviction hearing), Maryville, Tennessee, for the appellant, Michael Anthony Frank.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Shari Lynn Tayloe, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On January 11, 2010, the Defendant pleaded guilty to robbery and was sentenced to three years on probation. On February 1, 2013, a probation violation report was filed alleging that the Defendant failed to obey the law, failed to report a new arrest, failed to inform his probation officer before changing his residence and quitting his employment, failed to report as instructed, failed a drug screen, admitted using drugs, and failed to pay his court costs, fines, and probation fees. The report showed that the Defendant arrived for intake on October 26, 2011, and that at the time, he was a resident of Steps House, a half-way

house in Knoxville, Tennessee, being treated for drug and alcohol addiction. His drug screen was negative on November 16, 2011. He was discharged from Steps House for non-compliance on May 21, 2012. He was arrested on June 9, 2012, for driving on a suspended license, which he failed to report to his probation officer. When the probation officer asked the Defendant about the arrest, he showed proof that his license had been reinstated. He failed to report on February 21, April 1, May 17, August 14, September 18, September 26, and November 19, 2012. During a home visit in December 2012, the Defendant could not be found and had moved from his last known address. The Defendant's probation officer contacted the employer listed by the Defendant and was told he was no longer employed there. On January 29, 2013, the Defendant failed a drug test and admitted using drugs. He failed to report again on January 31, 2013. The Defendant owed $377 in probation fees and had not made any payments toward his court costs and fines. A probation revocation warrant was issued on February 6, 2013.

According to the trial court's March 11, 2013 order, the Defendant waived his right to a hearing and stipulated to the facts in the probation violation report. The court found that the Defendant violated his probation, and the court revoked it. The court ordered the Defendant to serve sixty days in jail and to return to supervised probation for the balance of his sentence after being released. The court also ordered the Defendant to complete an "A&D assessment" and follow all the recommendations. The Defendant received jail credit from February 19 to March 11, 2013.

On June 12, 2013, a second probation violation report was filed alleging that the Defendant moved without permission, failed to report, failed to pay his court costs and fines, and was behind in paying his probation fees. A probation revocation warrant was issued on June 17, 2013.

At the revocation hearing, Zebadiah Martin, the Defendant's probation officer, testified that the Defendant previously violated his probation and had been sentenced to split confinement with sixty days to serve. He said that the Defendant reported to him on April 9, 2013, after being released from jail but that he did not know the date the Defendant was released. He said the Defendant reported for intake on April 17, 2013, but did not report again. He said that he asked a Blount County officer to conduct a home visit but that the officer reported the address the Defendant provided did not exist. He said that he attempted to contact the Defendant using the telephone numbers he provided, that one number was not "good," and that he spoke with someone named "Miracle" when he called the second number. He could not recall if Miracle knew the Defendant but said he did not speak to the Defendant. He said that the Defendant told him on April 9 or 17, 2013, that he worked at Britton Bridge but that when he contacted the employer, he was told the Defendant stopped

working for them on April 24, 2013. He said the Defendant was $467 behind on his probation fees and had made only one payment of $20 to the court.

Mr. Martin testified that probation intake was done and the rules of probation were reviewed each time a defendant's probation was revoked. He agreed the Defendant reviewed the rules of probation at least twice. He said that according to the probation rules, the Defendant was required to report to his probation officer, to ask permission to change his address, to remain employed, and to pay his probation fees, court costs, and fines. He said the Defendant signed the rules and acknowledged that he understood them and was willing to abide by them. He said the Defendant did not abide by the probation rules.

The Defendant did not present evidence at the hearing. During closing argument, counsel admitted that the State proved its allegation that the Defendant violated his probation by failing to report and asked the trial court for a split confinement sentence with 120 days to serve followed by enhanced probation.

The trial court found that the proof was uncontroverted and that the Stated proved that the Defendant violated the terms and conditions of his probation. The court noted that the Defendant previously violated his probation and was sentenced to serve sixty days. The court stated that the "troubling part" was how quickly the Defendant stopped reporting after the first violation and that it was compelling that the Defendant made no effort to comply. The court stated that the present violation was substantially the same as the first violation regarding reporting and employment. The court found that the Defendant was not a viable candidate for probation, revoked his probation, and ordered him to serve his sentence in confinement. The court's written order misstated that the Defendant waived his right to a hearing but stated that the Defendant's probation was revoked, that he was ordered to serve his sentence, and that he was entitled to jail credit. This appeal followed.

The Defendant contends that the trial court abused its discretion in ordering him to serve the balance of his sentence in confinement. He argues that the State did not allege he committed a new criminal offense or was "actively misbehaving" and that his violations were "passive" violations. The State responds that the court did not abuse its discretion in ordering the Defendant to serve the remainder of his sentence in confinement after finding the Defendant violated his probation a second time shortly after being released for his first violation. We agree with the State.

A trial court may revoke probation upon its finding by a preponderance of the evidence that a violation of the conditions of probation has occurred. T.C.A. § 40-35-311(e) (2010). "In probation revocation hearings, the credibility of witnesses is to be determined by the trial judge." *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991) (citing

*Carver v. State*, 570 S.W.2d 872 (Tenn. Crim. App. 1978)).  If a trial court revokes a defendant's probation, its options include ordering confinement, ordering the sentence into execution as originally entered, returning the defendant to probation on modified conditions as appropriate, or extending the defendant's period of probation by up to two years.  T.C.A. §§ 40-35-308(a), (c), -310 (2010); *see State v. Hunter*, 1 S.W.3d 643, 648 (Tenn. 1999).  The judgment of the trial court in a revocation proceeding will not be disturbed on appeal unless there has been an abuse of discretion.  *See State v. Smith*, 909 S.W.2d 471, 473 (Tenn. Crim. App. 1995) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)).

The Defendant did not contest the State's allegation that he violated his probation by failing to report and admitted during closing arguments that the State proved its allegation that he was in violation.  The trial court found that the proof was uncontroverted and that the Stated proved that the Defendant violated the terms and conditions of his probation.  The court properly found that the Defendant violated his probation.  Upon finding that the Defendant violated a condition of his probation, the court had the authority to revoke his probation and order his three-year sentence into execution.  The trial court did not abuse its discretion.

Based on the foregoing and the record as a whole, we affirm the judgment of the trial court.

_____
JOSEPH M. TIPTON,  PRESIDING JUDGE