IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs May 20, 2015

**STATE OF TENNESSEE v. TERRY DALE BLEVINS**

**Appeal from the Criminal Court for Knox County**
**No. 99830      Steven W. Sword, Judge**

_____

**No. E2014-02099-CCA-R3-CD – Filed July 15, 2015**

_____

The Defendant-Appellant, Terry Dale Blevins, appeals the trial court's revocation of his probation and reinstatement of his effective eight-year sentence in the Department of Correction. He previously entered guilty pleas to two counts of facilitation of aggravated robbery and was ordered to serve his sentences on enhanced probation. On appeal, Blevins argues that the trial court abused its discretion when it found that he lacked amenability to rehabilitation. Upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and D. KELLY THOMAS, JR., J., joined.

Keith Lowe, Knoxville, Tennessee, for the Defendant-Appellant, Terry Dale Blevins.

Herbert H. Slatery III, Attorney General and Reporter; Meredith DeVault, Senior Counsel; Randall E. Nichols, District Attorney General; and Leslie Nassios, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On November 8, 2012, the Defendant-Appellant, Terry Dale Blevins, entered guilty pleas to two counts of facilitation of aggravated robbery. The trial court sentenced him as a Range I, standard offender to consecutive four-year sentences for these Class C felonies. Blevins was ordered to serve 11 months and 29 days in confinement, with the balance of his effective eight-year sentence to be served on enhanced probation. He was also required to pay restitution to the two victims as well as administrative fees and court costs.

On April 25, 2014, a violation of probation warrant was filed alleging that Blevins failed to refrain from using drugs and failed to provide proof of payments toward court costs and restitution. Specifically, the warrant alleged that Blevins tested positive for marijuana and buprenorphine on February 19, 2014. After a drug screen on March 19, 2014, he tested positive for marijuana, oxycodone and opiates. Blevins failed to appear for his appointment with his probation officer on April 22, 2014, and subsequently tested positive for amphetamines, marijuana, methamphetamine, opiates and oxycodone on April 23, 2014. According to the violation of probation warrant, Blevins admitted to his drug use and laboratory tests also confirmed these results.

On May 20, 2014, the trial court ordered Blevins to be furloughed for a 28-day treatment program at Buffalo Valley Rehabilitation Center, which he successfully completed on June 18, 2014. Blevins had previously been referred to the Knox County Drug Court, the Knox County Sheriff's Office Programs and Services, and the Community Alternative to Prison Program (CAPP), but he was found to be statutorily ineligible for enrollment.

At the September 18, 2014 hearing, Blevins acknowledged that he had violated the terms and conditions of his probation, and the hearing proceeded as to the disposition of the violation. Probation and Parole Officer Suzanne Green testified that she began to supervise Blevins in August 2013 upon his release from serving his sentence of 11 months and 29 days. She said that although he had acknowledged and signed the rules of his probation, he would only sporadically report to her. According to Officer Green, Blevins was rarely present during home visits and his home situation appeared to be hostile and volatile because there would be people counting money in front of the house. When asked why he had violated his curfew, Blevins would be "very flip" and responded that he needed a soda, and he repeatedly tested positive for drug use. Officer Green stated that Blevins also failed to provide proof of payments toward his court costs or restitution.

Officer Green said that on April 23, 2014, Blevins admitted that he had used methamphetamine, marijuana and oxycodone. He reported that "[h]e was smoking three blunts a day [.]" Officer Green referred Blevins to a forensic social worker who arranged for him to receive treatment at Buffalo Valley Rehabilitation Center, though he continued to use drugs after completing the program. She opined that it was not in the public interest for Blevins to be in the community while using drugs due to the violent nature of his offenses. Officer Green stated that she had tried to help Blevins with her services, but she could not continue her supervision. A copy of her probation violation report was entered into evidence without objection.

On cross-examination, Officer Green said that she had referred Blevins to the

forensic social worker before issuing a violation of probation warrant on April 25, 2014. She stated that it was the policy of her department to refer individuals to treatment where applicable. She agreed that Blevins had complied with the court order to turn himself in within 24 hours of release from the treatment program at Buffalo Valley. She acknowledged that Blevins had a severe drug problem and that he was using large quantities of substances while on probation. She conceded that it was encouraging that Blevins completed the treatment program at the rehabilitation center.

At the conclusion of the hearing, and following the arguments of counsel, the trial court revoked Blevins's probation and ordered him to serve his original sentence in confinement, with credit for time served. In support of its decision, the trial court found by a preponderance of the evidence that Blevins had violated his probation by repeatedly using illegal substances and by testing positive in multiple drug screens. The court further found that Blevins had willfully failed to pay his court costs and restitution, choosing instead to spend his resources on illegal substances. The court expressed concern that during his probation, Blevins demonstrated an attitude of noncompliance and a failure to take the rules of probation seriously. The trial court stated, in pertinent part:

> You know, if you go out and get a Coke and violate your curfew, then that just tells me that you have no respect whatsoever with the court's rules, and the danger with Mr. Blevins is, is that when you combine that attitude with his drug addiction, he engages in violent behavior. He's on probation for violent offenses. He has convictions out of Sevier, Union, Blount, and Jefferson Counties, and so even though he has an issue that needs treatment, he has an unwillingness or ability to be amenable to rehabilitation at this time, and the Court is not going to risk this community any more than it has [to], and he's . . . statutorily ineligible for CAPP and drug court. Even if he was, I'm not sure that I would send him there. I think the safest thing for the community is to revoke Mr. Blevins'[s] probation.

It is from this order that Blevins now timely appeals.

## ANALYSIS

On appeal, Blevins argues that the trial court reached an illogical conclusion, and therefore abused its discretion, when it found that he lacked amenability to rehabilitation. He contends that the record reflects that he "had been released from custody, completed a treatment program, and returned to custody without incident." Therefore, Blevins asserts that the more logical disposition would have been to extend his probation to allow him to

continue his treatment for substance abuse. The State responds that the trial court properly revoked probation based on substantial evidence in the record. We agree with the State.

After determining that a defendant "has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right . . . to revoke the probation and suspension of sentence, and . . . [c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise, in accordance with § 40-35-310[.]" T.C.A. § 40-35-311(e). Probation revocation rests within the sound discretion of the trial court, and this court will not disturb the trial court's ruling absent an abuse of that discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." Id. (citing Harkins, 811 S.W.2d at 82). Once the trial court decides to revoke a defendant's probation, it may (1) order confinement; (2) order the sentence into execution as initially entered, or, in other words, begin the probationary sentence anew; (3) return the defendant to probation on modified conditions as necessary; or (4) extend the probationary period by up to two years. See State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999) (citations omitted); State v. Larry Lee Robertson, No. M2012-02128-CCA-R3-CD, 2013 WL 1136588, at *2 (Tenn. Crim. App. Mar. 19, 2013); State v. Christopher Burress, No. E2012-00861-CCA-R3-CD, 2013 WL 1097809, at *6 (Tenn. Crim. App. Mar. 18, 2013); T.C.A. §§ 40-35-308, -310, -311 (2012). The trial court determines the credibility of the witnesses in a probation revocation hearing. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991) (citing Carver v. State, 570 S.W.2d 872 (Tenn. Crim. App. 1978)).

Blevins has failed to demonstrate that the trial court abused its discretion in revoking his probation. At the outset, there is no dispute that Blevins used marijuana, opiates, oxycodone, amphetamines, and methamphetamine while on probation. Moreover, the trial court noted that Blevins did not pay "a single penny" toward restitution or court costs. Here, the record contains substantial evidence to support the conclusion of the trial court that a violation of a probation had occurred. Once the trial court determined that Blevins violated the terms of his probation, it was authorized "to cause execution of the defendant's original judgment as it was originally entered." Hunter, 1 S.W.3d at 647 (citing T.C.A. § 40-35-310). Although Blevins argues that his probation should be extended so that he can receive necessary treatment, this court has repeatedly held that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." State v. Jeffrey A. Warfield, No. 01C01-9711-CC-00504, 1999 WL 61065, at *2 (Tenn. Crim. App. Feb. 10, 1999), perm. app. denied (Tenn. June 28, 1999). Based on the record, we cannot conclude that the trial

court erred in revoking Blevins's probation and ordering him to serve his original sentence in confinement with credit for time served. Accordingly, he is not entitled to relief.

## CONCLUSION

Upon our review, we affirm the judgment of the Knox County Criminal Court.

_____
CAMILLE R. McMULLEN, JUDGE