IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 13, 2016

**STATE OF TENNESSEE v. ROBERT L. LYLE**

**Appeal from the Circuit Court for Cannon County**
**Nos. F13-70 & 15-CR-73      David M. Bragg, Judge**

---

**No. M2016-00480-CCA-R3-CD – September 19, 2016**

---

The defendant, Robert L. Lyle, appeals the revocation of his community corrections sentence, claiming that the trial court erred by ordering that he serve a portion of his total effective sentence in confinement. Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and TIMOTHY L. EASTER, JJ., joined.

Gerald L. Melton, District Public Defender; and Kenneth R. McKnight, Assistant District Public Defender, for the appellant, Robert L. Lyle.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General; Jennings H. Jones, District Attorney General; and Trevor Lynch, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On September 5, 2013, the defendant pleaded guilty to one count of possession of .5 grams or more of methamphetamine with intent to sell or deliver, and the trial court imposed a sentence of 10 years to be served on supervised probation. On August 6, 2015, the defendant pleaded guilty to one count of possession of 26 grams of methamphetamine with intent to sell or deliver and one count of possession of suboxone with intent to sell or deliver. The court sentenced the defendant to 20 years' incarceration for the methamphetamine conviction and 10 years' incarceration for the suboxone conviction to be served consecutively to one another, and the trial court ordered the defendant's 10-year sentence for the 2013 methamphetamine conviction to be served concurrently with the 2015 methamphetamine conviction. The trial court ordered the

defendant to serve his effective 30-year sentence on community corrections placement, following the service of six months in jail.

On December 3, 2015, the defendant's community corrections officer filed a violation report alleging that the defendant had violated the terms of his community corrections placement by testing positive for the use of amphetamines and methamphetamine. At the February 4, 2016 revocation hearing, the defendant's community corrections officer, Kelly Hargrove, testified that the defendant's intake interview with her took place on October 8, 2015, after the defendant was released from incarceration. At that time, Ms. Hargrove asked the defendant if he needed treatment for drug or alcohol dependency and provided the defendant with a written form which asked the same question, and the defendant responded in the negative to both inquiries. When Ms. Hargrove conducted a drug screen on the defendant on November 10, the defendant tested positive for the use of amphetamines and methamphetamine. Ms. Hargrove again asked the defendant if he needed assistance or treatment, and the defendant "just kept denying the fact that he [had] done anything" and "said that he didn't do any meth." Because the defendant refused to take responsibility for his drug usage, Ms. Hargrove reported the violation, and the defendant was arrested on December 10, 2015.

The defendant admitted that he had used drugs while on community corrections placement but insisted that he "didn't do it willingly" or "knowingly." He suspected that someone who was staying at his residence could have placed the drugs "in coffee or food or whatever," but he denied that he "smok[ed] meth the way [he] used to."

The trial court found that the defendant had violated the terms of his community corrections placement by testing positive for methamphetamine. The court ordered the defendant's 20-year methamphetamine sentence into execution, with credit for time served, and ordered that, upon release from confinement, the defendant serve the 10-year sentence for his suboxone conviction on community corrections.

The accepted appellate standard of review of a community corrections revocation is abuse of discretion. *See State v. Harkins*, 811 S.W.2d 79, 82-83 (Tenn. 1991) (applying the probation revocation procedures and principles contained in Tennessee Code Annotated section 40-35-311 to the revocation of a community corrections placement based upon "the similar nature of a community corrections sentence and a sentence of probation"); *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001) (stating standard of review for probation revocation); *see also State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007). Generally, "[a] trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn.

2010).  The 1989 Sentencing Act expresses a burden of proof for revocation cases:  "If the trial judge finds that the defendant has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right by order duly entered upon the minutes of the court to revoke the probation and suspension of sentence. . . ."  T.C.A. § 40-35-311(e)(1).

Upon a finding by a preponderance of the evidence that the defendant has violated the conditions of probation, the trial court may revoke the defendant's probation and "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." *Id.*; *see also Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980).  Following a revocation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension." *Id.* § 40-35-310.  The trial court, as the trier of fact in a probation revocation hearing, determines the credibility of witnesses. *See generally State v. Mitchell*, 810 S.W.2d 733 (Tenn. Crim. App. 1991); *see also Carver v. State*, 570 S.W.2d 872 (Tenn. Crim. App. 1978).

In the present case, the proof adduced at the revocation hearing showed that the defendant violated the terms of his placement by failing his drug screen.  Although the defendant denied using drugs "knowingly," the trial court, as was its prerogative, resolved this credibility issue in favor of the State.  Moreover, the trial court determined that the State sufficiently established the violation.  The record supports this determination, and, therefore, revocation was unquestionably justified.

We hold that the trial court acted within its discretion, and we affirm the order of revocation and the imposition of the original sentence.

_____
JAMES CURWOOD WITT, JR., JUDGE