IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 27, 2019

## STATE OF TENNESSEE v. RACHAEL UNDERWOOD

**Appeal from the Circuit Court for Sevier County**
No. 23791-III      Rex H. Ogle, Judge

_____

### No. E2018-02009-CCA-R3-CD

_____

Defendant-Appellant, Rachael Underwood, appeals from the Sevier County Circuit Court's order revoking her probation. She originally pled guilty to attempted delivery of a Schedule I controlled substance and driving on a suspended license. She received a six-year suspended sentence, after service of 180 days in jail. In this appeal, the Defendant claims that the trial court erred in revoking her probation. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which TIMOTHY L. EASTER, and J. ROSS DYER, JJ., joined.

Amber D. Haas, Assistant Public Defender, for the Defendant-Appellant, Rachael Underwood.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Assistant Attorney General; Jimmy B. Dunn, District Attorney General; and Charles L. Murphy, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On April 30, 2018, the Defendant entered a guilty plea to attempted delivery of a Schedule I controlled substance and driving on a suspended license in exchange for the dismissal of possession of a Schedule II controlled substance and possession of drug paraphernalia. The Defendant received a six-year suspended sentence, after 180 days in jail. On May 2, 2018, the Defendant was tested for drugs which revealed the presence of opiates, amphetamines, methamphetamine, buprenorphine, and oxycodone. Two months

later, on July 30, 2018, the Defendant's probation officer submitted an affidavit alleging that the Defendant had violated the following terms of her probation:

> Rule #4: The defendant has failed to provide proof of employment since being placed on probation.
>
> Rule #6: The defendant failed to report on June 5, 2018 as ordered.
>
> Rule #8: The defendant tested presumptively positive for Opiates, Amphetamines, Methamphetamine, Buprenorphine, and Oxycodone on May 2, 2018. The defendant signed an admission of use stating that she used Suboxone and Meth on or about 4/29/18. The sample was sent for confirmation testing. On or about May 6, 2018 confirmation testing showed the sample positive for Amphetamine at 9672 ng/ml; Buprenorphine at 91 ng/ml; Norbuprenorphine at 228 ng/ml; Morphine at 1056 ng/ml; and Oxymorphone at 390 ng/ml.
>
> Rule #9: The defendant has failed to provide proof of payment on court costs, fines, restitution, or supervisions fees.
>
> Rule #10: The defendant has failed to provide proof of completing an alcohol and drug assessment.
>
> Rule #10: The defendant has failed to provide proof of completing the NAS program.
>
> Rule #14: The defendant's use of multiple illicit drugs places herself and others at risk of harm.

At the Defendant's violation of probation hearing, Keith Vincent, the Defendant's probation officer, testified that the Defendant appeared in his office for her initial appointment on May 2, 2018, tested positive for several illicit substances, and had not returned to his office since that day. He also testified that the Defendant was required to turn herself in for a split confinement, but she failed to do so as well. The Defendant testified and explained that she had been to a party a few days before she was placed on probation, which was the reason for the presence of drugs in her system. She testified further that she refused to turn herself in to serve the confinement portion of her sentence because she had "two small children, and [she] wanted to spend the summer with them." When questioned by the Court, the Defendant responded:

The Court: You just didn't report to probation and didn't report to serve your jail sentence, did you?

The Defendant: Yes.

The Court: Isn't that right?

The Defendant: Yes.

The Court: You know, I've been around a long time and I've never heard an argument put quite the way that you're putting it, that [you] just didn't really have time to do your time. That's sort of what you're saying, isn't it? That you voluntarily chose not to report to do your jail time that you agreed to do; is that correct?

The Defendant: Yes.

The Court: And look, it's your privilege to plead guilty or not guilty to violating your probation. You're obviously in violation. You flat out just - - well, I mean, this is about as willful a case of violation of probation that I've seen because you just flat out thumbed your nose at the Court, that you were going to do what you wanted to do and it made no difference what you had agreed to do nor what you had been ordered to do.

And so based upon that, the Court finds that you're in willful violation of your probation and I hereby order you to execute your sentence.

From this order, the Defendant filed a timely notice of appeal and is now properly before this Court.

## ANALYSIS

In this appeal, the Defendant contends that the trial court abused its discretion in revoking her probation. She specifically argues that the trial court abused its discretion in considering her testimony at the hearing because the original warrant did not allege that she had violated her probation by not turning herself in to serve her jail sentence. The Defendant also argues that her failure to pass a drug test was due to drugs she had taken prior to entering her guilty plea which should not have resulted in the revocation of her probation. In response, the State contends that the trial court properly revoked the Defendant's probation. We agree with the State.

- 3 -

After determining that a defendant "has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right . . . to revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310." Tenn. Code Ann. § 40-35-311(e) (2012). Probation revocation rests within the sound discretion of the trial court, and this court will not disturb the trial court's ruling absent an abuse of that discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." Id. (citing Harkins, 811 S.W.2d at 82). Once the trial court decides to revoke a defendant's probation, it may (1) order confinement; (2) order the sentence into execution as initially entered; (3) return the defendant to probation on modified conditions as necessary; or (4) extend the probationary period by up to two years. See State v. Hunter, 1 S.W.3d 643, 646-47 (Tenn. 1999) (citations omitted); State v. Larry Lee Robertson, No. M2012-02128-CCA-R3CD, 2013 WL 1136588, at *2 (Tenn. Crim. App. Mar, 19, 2013); State v. Christopher Burress, No. E2012-00861-CCA-R3-CD, 2013 WL 1097809, at *6 (Tenn. Crim. App. Mar. 18, 2013); Tenn. Code Ann. §§ 40-35-308, -310, -311 (2012). The trial court determines the credibility of the witnesses in a probation revocation hearing. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991) (citing Carver v. State, 570 S.W.2d 872 (Tenn. Crim. App. 1978)).

The record fully supports the determination of the trial court. As an initial matter, to the extent that the Defendant is arguing a lack of notice because the affidavit supporting the probation violation did not explicitly include her failure to report for service of her 180 days, we note that the affidavit provided that "the defendant failed to report on June 5, 2018 as ordered[.]" It additionally provided that the Defendant had failed to comply with every other condition of probation that had been imposed by the trial court. This was more than sufficient information for the Defendant to defend the charges at the revocation hearing. Moreover, the Defendant's probation officer testified that the Defendant tested positive for illicit substances, failed to return as ordered for future appointments, and failed to turn herself in to serve her jail sentence. The Defendant testified and admitted that she had not turned herself in to serve her sentence of split confinement because she wanted to spend time with her children before going to jail for six months and that she had failed to report for her probation appointment as directed. Based on this testimony, the trial court found that the Defendant had willfully violated her probation by failing to report to her probation officer and failing to report to jail to serve her sentence. Because there was ample evidence to support the trial court's determination the Defendant had violated her probation, the trial court did not abuse its discretion in revoking her probation. The Defendant is not entitled to relief.

- 4 -

## CONCLUSION

Based on the above authority, the judgment of the Circuit Court of Sevier County is affirmed.

_____
CAMILLE R. MCMULLEN, JUDGE