IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 21, 2015

STATE OF TENNESSEE v. JONATHAN LAVELLE EWING

Appeal from the Criminal Court for Wilson County
No. 2011-CR-160     David Earl Durham, Judge

No. M2014-01707-CCA-R3-CD – Filed August 5, 2015

The Defendant-Appellant, Jonathan Lavelle Ewing, appeals the trial court's revocation of his probation and reinstatement of his effective eight-year sentence in the Department of Correction. He previously pled guilty to two counts of sale of .5 grams or more of cocaine and received concurrent eight-year sentences. He was ordered to serve one year in confinement with the remainder suspended and Ewing placed on probation. On appeal, Ewing argues that the trial court abused its discretion in reaching a decision that was unsupported by the evidence. Upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which ROGER A. PAGE and ROBERT L. HOLLOWAY, JR., JJ., joined.

Adam Wilding Parrish, Lebanon, Tennessee, for the Defendant-Appellant, Jonathan Lavelle Ewing.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; Tom P. Thompson, Jr., District Attorney General; and Jimmy Lea, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

On January 14, 2013, the Defendant-Appellant, Jonathan Lavelle Ewing, entered guilty pleas to two counts of sale of .5 grams or more of cocaine. The trial court sentenced him as a Range I, standard offender to concurrent eight-year sentences for these Class B felonies. Ewing was ordered to serve one year in confinement, with the balance of his sentence to be served on probation. Among the terms of his probation

were that he will obey all laws, immediately report all arrests to his probation officer, and "not engage in any assaultive, abusive, threatening or intimidating behavior."

On May 1, 2014, a violation of probation warrant was filed alleging that Ewing was arrested on or about August 23, 2013, in Davidson County for domestic assault; that he pled guilty in case number GS645272 to misdemeanor domestic assault on October 9, 2013; and that he failed to report his arrest to his probation officer when he marked "no new arrests" on his monthly report form on April 10, 2014. The warrant was executed on May 20, 2014, and Ewing was taken into custody.

At the August 1, 2014 revocation hearing, the State introduced into evidence a certified copy of the judgment of conviction in Davidson County General Sessions Court. The judgment reflected that Ewing, who was acting pro se, pled guilty to Class A misdemeanor domestic assault with bodily injury on October 9, 2013. He was sentenced to 11 months and 29 days, suspended to probation. He was also ordered to complete a 52-week batterers' intervention program (BIP).

At the conclusion of the hearing, the trial court revoked Ewing's probation and ordered him to serve his original sentence in confinement. In support of its decision, the trial court stated:

> You know, I treat everybody the same and the rules are the same. If you're not aware of this you certainly need to be aware, there's been so much said here in the last year or two, particularly in Tennessee, that domestic assault has just become such a horrible, horrible thing in this country, particularly in Tennessee. In fact, Tennessee pretty much leads the nation unfortunately in domestic assaults and deaths caused by domestic assault.
>
> You just can't hardly commit a more horrible offense while on probation than striking another human being. So, I find you guilty of violating your probation. I'm revoking it and putting your sentence into effect, Tennessee Department of Correction[].

It is from this order that Ewing now timely appeals.

## ANALYSIS

On appeal, Ewing argues that the trial court abused its discretion in fully revoking his probation. He contends that the court "merely relied solely upon the new criminal charge" in reaching its decision. While conceding that he had been convicted of a new

criminal offense, Ewing asserts that he already received appropriate punishment and that "the new offense was substantially unrelated to the offense for which [he] was placed on probation[.]" Ewing further contends that the trial court based its decision on personal bias rather than evidence presented at the hearing. The State responds that the trial court properly revoked Ewing's probation and ordered him to serve his original sentence upon finding that he had violated his probation. We agree with the State.

After determining that a defendant "has violated the conditions of probation and suspension by a preponderance of the evidence, the trial judge shall have the right . . . to revoke the probation and suspension of sentence, and . . . [c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise, in accordance with § 40-35-310[.]" T.C.A. § 40-35-311(e). Probation revocation rests within the sound discretion of the trial court, and this court will not disturb the trial court's ruling absent an abuse of that discretion. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001) (citing State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." Id. (citing Harkins, 811 S.W.2d at 82). Once the trial court decides to revoke a defendant's probation, it may (1) order confinement; (2) order the sentence into execution as initially entered, or, in other words, begin the probationary sentence anew; (3) return the defendant to probation on modified conditions as necessary; or (4) extend the probationary period by up to two years. See State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999) (citations omitted); State v. Larry Lee Robertson, No. M2012-02128-CCA-R3-CD, 2013 WL 1136588, at *2 (Tenn. Crim. App. Mar. 19, 2013); State v. Christopher Burress, No. E2012-00861-CCA-R3-CD, 2013 WL 1097809, at *6 (Tenn. Crim. App. Mar. 18, 2013); T.C.A. §§ 40-35-308, -310, -311 (2012). The trial court determines the credibility of the witnesses in a probation revocation hearing. State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991) (citing Carver v. State, 570 S.W.2d 872 (Tenn. Crim. App. 1978)).

We find no abuse of discretion in the trial court's revocation of Ewing's probation and reinstatement of his original sentence of incarceration. At the outset, it is undisputed that Ewing incurred a new charge and conviction while on probation even though he had agreed to obey all laws as a probationary condition. Although he argues that there was insufficient evidence to support the trial court's order of revocation, we note that "[t]he proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial judge to make a conscientious and intelligent judgment." Harkins, 811 S.W.2d at 82 (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)). Here, substantial evidence, including a certified copy of Ewing's judgment for misdemeanor domestic assault, was presented to show that he had violated the terms of his probation. Once the trial court determined that Ewing violated the terms of his

probation, it was authorized "to cause execution of the defendant's original judgment as it was originally entered." Hunter, 1 S.W.3d at 647 (citing T.C.A. § 40-35-310). Based on the record, we cannot conclude that the trial court erred in revoking Ewing's probation and ordering him to serve his original sentence in confinement. Accordingly, he is not entitled to relief.

## **CONCLUSION**

Upon our review, we affirm the judgment of the Wilson County Criminal Court.

_____
CAMILLE R. McMULLEN, JUDGE