IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 8, 2016

**STATE OF TENNESSEE v. JOSEPH ANTHONY SZOSTAK, III**

**Appeal from the Circuit Court for Maury County**
**No. 23259    Russell Parkes, Judge**
_____

**No. M2015-01634-CCA-R3-CD – Filed July 11, 2016**
_____

Defendant, Joseph Anthony Szostak, III, appeals from the trial court's revocation of probation. Defendant asserts on appeal that the trial court abused its discretion in revoking his probation by not articulating a "willful" failure to pay costs, by failing to consider Defendant's reason for not paying, and by considering prior violations not applicable to the current proceeding. Defendant also contends that the trial court abused its discretion in sentencing Defendant by not considering principles of sentencing and by denying Defendant's request for an alternative sentence. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

Brandon E. White, Columbia, Tennessee (on appeal) and Claudia S. Jack, District Public Defender; Michelle VanDeRee, Assistant Public Defender, Columbia, Tennessee (at revocation hearing and on appeal), for the appellant, Joseph Anthony Szostak, III.

Herbert H. Slatery III, Attorney General and Reporter; Meredith Devault, Assistant Attorney General; Brent A. Cooper, District Attorney General; and Daniel J. Runde, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts*

On September 12, 2014, Defendant pleaded nolo contendere to four counts of theft of property valued at $1,000 or more, but less than $10,000. Defendant was sentenced to three years to be suspended on probation, and ordered to pay court costs. On May 28,

2015, a probation violation warrant was issued alleging the Defendant had violated the terms of his probation by: (1) committing the new offense of theft of property over $500; (2) failing to make any payment of probation fees; and (3) failing to make any payment of restitution or court costs.

At a probation revocation hearing on July 23, 2015, Jacob Silverthorne, an employee of the Tennessee Department of Correction, testified that his coworker, Rob Call, filed a warrant for probation revocation based on Defendant's violation of the following probation rules: Number 1: I will obey the laws of the United States; Number 9: I agree to pay all required supervision fees; and Number 10: I will observe any special conditions imposed by the court. Mr. Silverthorne further testified that Defendant was arrested and charged with theft over $500 on or about May 21, 2015, and that Defendant had made no payments towards probation fees, restitution, or court costs.

Ryan Dugger, a loss prevention employee at Wal-Mart, identified Defendant as the individual he observed removing security devices from merchandise at Wal-Mart on May 21, 2015.  Mr. Dugger further testified that he observed Defendant filling two carts with merchandise and then exiting the store with the two carts without paying for anything other than one small item.  Mr. Dugger testified that he apprehended Defendant outside the store and detained him until the police arrived to take Defendant into custody. Mr. Dugger further testified that Defendant was charged with theft, and the value of the items in the shopping carts totaled $2,725.28.

Defendant testified that because of medication that he had taken, he had no recollection of attempting to steal from Wal-Mart.  Defendant further testified that he made a down-payment of $500 for a car, and paid $400 to insure the car.  Defendant testified that the car had an end-price of seventeen-thousand dollars $17,000 after six years of payments equal to $324 per month.  Actually, six years of monthly payments of $324, less the $500 down payment is $22,828.

At the conclusion of the probation revocation hearing, the trial court made the following findings:

> There's no question he's violated the terms.  So, I find that there [are] both technical and substantive violations in terms of probation. The State has carried its burden far beyond the preponderance, and thus, I revoke his probation.  As to what to do with him since there has been a revocation, the Court has reviewed the Court file.
>
> He was granted the privilege of diversion . . . he was revoked for noncompliance. A judgment was entered.  His post plea diversion was

terminated. He's been given significant time, and even in March of this year very coherently wrote the Court explaining when his court dates were . . . .

I find that the defendant is not credible. He has made very conscious choices rather than doing as ordered by this court. To purchase a vehicle, paid over $900 down for the insurance and a down payment on a vehicle when he didn't have a license first of all, and then, more offensive to the court, to obligate him to $300 a month for six years and hasn't paid a dime towards restitution.

A $10 payment would have gone along [sic] way with the Court. A dollar, but to pay zero when you walk in and have the mind set I will negotiate the purchase of a car and then to come in and say I don't remember, I don't remember clipping off the security things, loading up the two [shopping carts], I find that he's not credible. . . .

I will revoke his sentence, and it will be a full revocation.

*Analysis*

Defendant contends that the trial court abused its discretion by not articulating a "willful" failure to pay or an "insufficient bona fide effort" to legally acquire the resources to pay and that Defendant's purchase of a vehicle was not a failure to pay but a means of facilitating payment.

A trial judge may revoke probation if the court finds, by a preponderance of the evidence, that the defendant has violated the terms of his or her probation. T.C.A. § 40-35-310,-311(e); *State v. Kendrick*, 178 S.W. 3d 734,738 (Tenn. Crim. App. 2005) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). Upon finding such a violation the court may "[c]ause the defendant to commence the execution of the judgment as originally entered, or otherwise, in accordance with §40-35-310." T.C.A. § 40-35-311(e)(1)(A).

If a defendant's probation is revoked, the defendant has the right to appeal. T.C.A. § 40-35-311(e)(2). However, a decision to revoke probation "will not be disturbed absent a finding of an abuse of discretion." *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *See also State v. Harkins,* 811 S.W.2d 79, 82 (Tenn. 1991). To find an abuse of discretion, there must be "no substantial evidence in the record to support the conclusion of the trial court that a violation of the conditions of the probation has occurred." *Id*. Furthermore, relief can only be granted when the trial court's logic was

3

"improper when viewed in light of the factual circumstances and relevant legal principles involved." *State v. Beard*, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005) (Citing *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001)) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)). Furthermore, the findings of the trial judge in probation revocation hearings have the weight of a jury verdict. *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980) (Citing *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978)).

"In revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay." *State v. Dye* 715 S.W.2d 36, 40 (Tenn. 1986) (quoting *Bearden v. Georgia*, 461 U.S. 660, 762-3 (1983)). The court heard undisputed testimony that Defendant had not made any payments of fees, court costs, or restitution. The trial court satisfied the requirement in *Dye* by inquiring about Defendant's decision to purchase a car instead of making any payments towards court costs, fees or restitution. Defendant's assertion that the purchase of a vehicle was necessary to obtain employment is erroneous because Defendant purchased the vehicle without a driver's license, and Defendant purchased a vehicle that required him to pay over $300 per month without having employment at the time of the purchase. The court found "both technical and substantive violations" and stated in the findings of fact that Defendant had made "conscious choices" to not follow the orders of the court by choosing to obligate himself to a monthly payment without paying anything toward fees, court costs, or restitution. Therefore, the trial court found Defendant to have "willfully" failed to make any payment, and that determination was not an abuse of discretion because it was based on ample evidence.

Defendant asserts that the trial court did not rely on the alleged theft of property from Wal-Mart as a reason for revocation of probation, and, if it was relied upon, that the court failed to state the incident as a reason for revocation. Defendant correctly points out that the trial court must include the "evidence relied upon and reasons for revoking probation." *State v. Weaver*, No. 03C01-9607-CR-00269, 1998 WL 19935, at * 2 (Tenn. Crim. App. Jan. 22, 1998) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). The State contends the trial court did include this as a reason for revocation by mentioning, albeit in passing, Defendant "clipping off the security things", and "loading up the two things" in the court's oral findings. We agree with the State. The trial court heard testimony regarding the incident, and Defendant's only reply was that he did not remember the incident due to medication he was taking. The trial court's oral record in regards to Defendant's testimony, as well as the trial court's holding that the State carried its burden, indicates that the trial court did rely on the new violation of theft, and considered it as one of Defendant's multiple violations.

4

Defendant asserts that the trial court erred by considering previous violations that resulted in his prior revocation of probation on March 26, 2015. This argument is misplaced because, as noted above, the court considered the new violation of theft that occurred on May 21, 2015, as well as the continued failure to make any payments towards fees, court costs, or restitution.

Defendant further asserts that the trial court abused its discretion by not considering the principles of sentencing, and by not considering alternatives to imprisonment. This argument is without merit. In a revocation of probation proceeding, the consideration of sentencing principles "is not necessary." *State v. Crawford*, No. M2000-02358-CCA-R3-CD, 2001 WL 881368, and *3 (Tenn. Crim. App., Aug. 7, 2001), *perm. app. denied* (Tenn., Jan. 14, 2002) (quoting *State v. Howard Luroy Williamson, Jr.*, No. 02C01-9507-CC-00201, 1996 WL 551793, at *2 (Tenn. Crim. App., Sept. 30, 1996)). According to the trial court's findings, as quoted above, the trial court reviewed the Defendant's record when considering the sentence. The court noted that alternative sentencing had not worked in the past, and ordered Defendant to serve his original sentence—which is within the sound discretionary authority of the trial court. *See* T.C.A. § 40-35-310(a); *See also State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999).

The trial court found Defendant to be in violation of probation for committing a new crime while on probation, and for willfully failing to pay any court costs, fees or restitution. The court considered alternative sentencing and found, based on Defendant's record, that a full revocation is necessary. Upon review, we find there is substantial evidence to support these conclusions.

For the foregoing reasons, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

5