IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. CHRISTOPHER LEE STEWART**

**Appeal from the Circuit Court for Jefferson County**
**No. 12484    O. Duane Slone, Judge**

————————————————————

**No. E2018-00262-CCA-R3-CD**

————————————————————

The Defendant, Christopher Lee Stewart, appeals the Jefferson County Circuit Court's order revoking his probation and ordering him to serve his sentence in confinement. The State has filed a motion to affirm the trial court's order pursuant to Tennessee Court of Criminal Appeals Rule 20. Following our review, we conclude that the State's motion is well-taken and affirm the order of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Edward C. Miller, District Public Defender; and Rebecca V. Lee, Assistant Public Defender, Dandridge, Tennessee, for the appellant, Christopher Lee Stewart.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; James B. Dunn, District Attorney General; and Charles L. Murphy, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

On April 14, 2014, a Jefferson County grand jury charged the Defendant with one count of burglary and one count of theft of property valued at $1,000 or more. On April 24, 2014, the Defendant pleaded guilty and was sentenced to a total effective sentence of four years' incarceration suspended to probation after the service of sixty days.

On September 4, 2014, a probation violation warrant issued alleging that the Defendant had violated the terms of his release by failing to provide a home address, failing to complete drug and alcohol treatment, testing positive four times for illegal drug use, and admitted drug use. The trial court found that the Defendant had violated the terms of his probation and ordered him to serve seventy-five days' incarceration before returning to probation.

On March 2, 2015, a second probation violation warrant issued alleging that the Defendant had violated the terms of his release by testing positive for cocaine. The trial court found that the Defendant had violated the terms of his release and ordered him to serve ninety days' incarceration before returning to probation.

On March 21, 2016, a third probation violation warrant issued alleging that the Defendant had violated the terms of his release by changing his residence and employment without notifying the probation office and failing to report. The trial court found that the Defendant had violated the terms of his release and sentenced the Defendant to "time served" before returning him to probation.

On September 12, 2016, a fourth probation violation warrant issued alleging that the Defendant has failed to provide proof of employment, failed to complete drug and alcohol treatment, and failed to report. On January 30, 2018, the Defendant entered an open plea to the probation violation allegations. The trial court found that the Defendant had violated the terms of his release and ordered the Defendant to serve the remainder of his sentence in confinement.

The Defendant filed a timely notice of appeal from the trial court's revocation order. On appeal, the Defendant argues that the trial court abused its discretion by revoking his probation and ordering him to serve his sentence in confinement. The State has filed a motion to affirm the trial court's judgment by memorandum opinion arguing that the trial court properly ordered execution of the sentence as originally imposed based upon the Defendant's open plea to allegations and refusal to comply with the conditions of release. The Defendant has not responded to the State's motion.

Our supreme court has concluded that a trial court's decision to revoke a defendant's probation "will not be disturbed on appeal unless . . . there has been an abuse of discretion." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991) (citing *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981) ). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). When

a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1) (2014). After revoking a defendant's probation, the trial court may return a defendant to probation with modified conditions as necessary, extend the period of probation by no more than two years, order a period of confinement, or order the defendant's sentence into execution as originally entered. *Id.* §§ 40-35-308(a), (c), -310 (2014). "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 387 S.W.2d 811, 814 (Tenn. 1965)).

We conclude that the record supports the trial court's finding that the Defendant violated the conditions of his probation based upon the Defendant's open plea to the probation violation allegations and that the court did not abuse its discretion by revoking the Defendant's probation. *See* T.C.A. § 40-35-311(e)(1). Once the court revoked the Defendant's probation, it had the authority to order the Defendant to serve his sentence in confinement. *See id.* §§ 40-35-310. The Defendant is not entitled to relief.

Accordingly, we affirm the judgment of the trial court pursuant to Tennessee Court of Criminal Appeals Rule 20.

_____
ROBERT H. MONTGOMERY, JR, JUDGE