# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
August 26, 2020 Session

## STATE OF TENNESSEE v. JONATHAN RICHENS

**Appeal from the Circuit Court for Sevier County**
**Nos. 24590-II, 25074-II    James L. Gass, Judge**

FILED

OCT 3 0 2020

Clerk of the Appellate Courts
Rec'd by_____

**No. E2019-01854-CCA-R3-CD**

The Defendant, Jonathan Richens, appeals from the Sevier County Circuit Court's revocation of probation for his effective six-year sentence for resisting arrest and aggravated assault. The Defendant contends that the trial court erred by revoking his probation and ordering him to serve the remainder of his sentence in confinement. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which NORMA McGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Edward Cantrell Miller, District Public Defender; and Kendall F. Stivers (on appeal) and Mendi Winstead (at revocation hearing), Assistant District Public Defenders, for the appellant, Jonathan Richens.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Senior Assistant Attorney General; Jimmy B. Dunn, District Attorney General; and Rolfe A. Straussfogel, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Pursuant to an agreement, on January 7, 2019, the Defendant pleaded guilty in case number 24590-II to resisting arrest and in case number 25074-II to aggravated assault. A false imprisonment charge was dismissed in case number 24590-II. The Defendant received concurrent sentences of six months' confinement at 75% service for resisting arrest and six years suspended to probation after one year's confinement for aggravated assault. The Defendant was released from confinement on May 22, 2019, after having served nine months.

On July 17, 2019, a probation violation report was filed with the trial court and alleged that the Defendant had been arrested for possession of marijuana and methamphetamine, had failed to report his arrest to his probation officer, had absconded from supervision, had failed to comply with the special conditions of his release, and had failed to pay fines, court costs, and restitution. An arrest warrant issued on July 22, 2019.

At the September 23, 2019 revocation hearing, the Defendant stipulated to the facts contained in the probation violation report and arrest warrant. The Defendant, likewise, admitted to violating the conditions of his release. As a result, the trial court found the Defendant guilty of violating the conditions of his probation.

Brittney Davis, the Defendant's probation officer, testified that the Defendant had never reported after his May 22, 2019 release from jail. She agreed the Defendant did not report his arrest to her.

The Defendant testified that he violated his probation by failing to report to Ms. Davis. He said that he did not know where to go after his release from jail, that friends allowed him to stay at their homes, and that he had "a set up with a halfway house, but [his] anxiety and depression took over." He admitted that he "relapsed into drug use," that he had a "drug problem," and that he had "a mental health issue." The Defendant said that he needed treatment for both. He said that, at the time he pleaded guilty to the offenses, he requested a placement in a rehabilitation program to help him "reintegrate back into society instead of just thrown out into society" but that his request was denied because of his "mental disposition on [his] willingness to quit." He said "they felt" as though he was "far enough along that [he] didn't need rehab." The Defendant said he knew he needed to be placed in a treatment program. He stated that, since his arrest for the probation violation, he had been evaluated by Helen Ross McNabb personnel and that the personnel had recommended a twelve-month program. He said that he wanted to complete the program and that he was willing to remain incarcerated until he could enter the program. He said that Helen Ross McNabb Center recommended mental health treatment, along with substance abuse treatment, and that he would comply with the program requirements and any probation conditions.

The Defendant testified that he had been on probation about three months when he was arrested for the drug-related charges and that he had been working at Burger King during his release.

The Defendant told the trial court that he had struggled with his mental health previously and that his struggles led to his substance abuse. He said that knew he needed treatment when he pleaded guilty to the offenses in this case, that he "reached out" for help when he pleaded guilty, and that he was "kind of denied" the help he needed. He requested mercy from the trial court.

-2-

Upon questioning by the trial court, the Defendant said that the victim of the aggravated assault was his former girlfriend's ex-husband. The Defendant said that the victim falsely told the police that the Defendant had a knife during the physical altercation. When asked about his failure to report to his probation officer, the Defendant stated that his anxiety and depression overwhelmed him and that he did not know what to do and where to go. The court credited the Defendant's testimony regarding his mental health and agreed that the Defendant needed treatment. The trial court inquired about the Defendant's criminal history, and the Defendant stated he had previous convictions for domestic assault, which he said were the result of being in previous "co-dependent relationships with someone." The prosecutor informed the court that in 2006, the Defendant was convicted in Florida of assaulting a law enforcement officer and burglary and that he received three years' probation. The prosecutor said that the Defendant had additional convictions for drug- and alcohol-related offenses, burglary, resisting arrest, aggravated domestic assault, and other offenses involving violence.[1] Defense counsel stated that the Defendant agreed "to some of those, [and] disputes some of those," although the Defendant did not dispute that he had a criminal history involving "crimes of violence." Counsel argued that the offenses leading to the probation violation were non-violent and involved misdemeanor possession of marijuana and methamphetamine.

The trial court determined that although the court wanted the Defendant to obtain substance abuse and mental health treatment, his criminal history was lengthy. The court stated that the Defendant was afforded the opportunity to correct his behavior on probation but that the Defendant failed to report to his probation officer. The court found that the Defendant "completely disregarded" the opportunity to serve his sentence in the community and that he made "no effort" to comply with the terms of his release. The court ordered the Defendant to serve the remainder of his sentence in confinement. This appeal followed.

The Defendant contends that the trial court erred by ordering him to serve the remainder of his sentence in confinement. The Defendant argues that the court improperly relied upon the nature of his previous convictions, rather than relying on the allegations in the probation violation warrant. He, likewise, asserts that the trial court erroneously assumed the only option in this case was incarceration and that confinement was an inappropriate punishment for his first violation and was not a substitute for substance abuse and mental health treatment. The State responds that the trial court did not err by ordering the Defendant to serve the remainder of his sentence in confinement. We agree with the State.

---

[1] The record reflects that the prosecutor told the trial court that the Defendant was charged with kidnapping, aggravated assault, aggravated stalking, and three counts of burglary. The prosecutor said that although some of these charges were dismissed, the Defendant received a two-year sentence in confinement. The prosecutor was unable to determine the conviction offenses. Certified copies of the Defendant's convictions were not presented as evidence at the revocation hearing.

Our supreme court has concluded that a trial court's decision to revoke a defendant's probation sentence "will not be disturbed on appeal unless . . . there has been an abuse of discretion." *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991) (citing *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1) (2019). After revoking a defendant's probation, the trial court may return a defendant to probation with modified conditions as necessary, extend the period of probation by no more than two years, order a period of confinement, or order the defendant's sentence into execution as originally entered. *Id.* §§ 40-35-308(a), (c), -310 (2019). "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 215 Tenn. 553, 387 S.W.2d 811, 814 (Tenn. 1965)).

The record reflects that the Defendant stipulated to the allegations contained in the probation violation report and warrant. The Defendant admitted he had violated the conditions of his release by obtaining new criminal charges for drug possession and by failing to report to his probation officer. The conditions of his probation prohibited the Defendant from engaging in criminal conduct, required him to report to his probation officer upon his release from confinement followed by regular reporting as required by his probation officer, and required him to report any new arrests to his probation officer. As a result, the record supports the trial court's finding that the Defendant violated the conditions of his probation. The court did not abuse its discretion by revoking the Defendant's probation. *See* T.C.A. § 40-35-311 (e)(1). Once the court revoked the Defendant's probation, it had the authority to order the Defendant to serve his sentence in confinement. *See id.* §§ 40-35-308(a), (c), -310.

We have considered the Defendant's arguments that the trial court improperly relied on the nature of his previous convictions and failed to consider his substance abuse and mental health issues in ordering the Defendant to serve the remainder of his sentence in confinement. However, the record reflects that although the court inquired about the nature of the Defendant's previous convictions, the court ordered confinement as a result of the Defendant's complete disregard and lack of effort to comply with any of the terms of his release after serving nine months in confinement. The evidence shows that the Defendant never reported to his probation officer after his release and was arrested approximately two months after his release from jail. Furthermore, the court acknowledged and considered the Defendant's substance abuse and mental health issues and his need for treatment. Likewise, the Defendant's testimony about his evaluation and recommended treatment plan at Helen Ross McNabb was presented to the court.

-4-

However, the court determined that the Defendant's failure to comply with any of the conditions of his release outweighed these considerations. The court did not abuse its discretion by ordering the Defendant to serve the remainder of his sentence in confinement.

We have, likewise, considered the Defendant's assertion that the trial court erroneously assumed the only option in this case was incarceration. The record does not support the argument that the court was unaware of its statutory options after revoking the Defendant's probation. *See id.* §§ 40-35-308(a), (c), -310. The Defendant is not entitled to relief.

In consideration of the foregoing and the record as a whole, we affirm the judgment of the trial court.

ROBERT H. MONTGOMERY, JR., JUDGE