

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 29, 2020

## STATE OF TENNESSEE v. DAVID SCOTT WHITSON, JR.

**Appeal from the Criminal Court for Sullivan County
No. S64806   James F. Goodwin, Jr., Judge**

_____

### No. E2019-02227-CCA-R3-CD

_____

Defendant, David Scott Whitson, Jr., appeals from the trial court's revocation of his Community Corrections sentence in May 2019. Defendant argues that the trial court abused its discretion when it required Defendant to serve his sentence. After conducting a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Andrew J. Gibbons, Public Defender and William A. Kennedy, Assistant Public Defender, for the appellant, David Scott Whitson, Jr.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Senior Assistant Attorney General; Barry P. Staubus, District Attorney General; and William Harper, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

*Facts and Procedural Background*

On May 25, 2017, Defendant pled nolo contendere to one count of solicitation of a minor and two counts of contributing to the delinquency of a minor in case number S64806. The remaining count was dismissed. Defendant received an effective sentence of eight years to be served on Community Corrections.

On June 21, 2019, a violation of probation warrant was filed against Defendant.[1] A probation violation hearing was held on December 9, 2019.

Joshua Neece supervised sex offenders for the Tennessee Department of Correction and was assigned to supervise Defendant. Officer Neece went over all the rules of Community Corrections with Defendant, and Defendant signed documents acknowledging the rules. Officer Neece testified that sex offenders must wear a GPS monitoring device. He explained that if a GPS device were tampered with, he would receive a phone call. On May 22, 2019, Officer Neece received a phone call regarding Defendant's GPS device. Officer Neece tracked the GPS device to its last known location and discovered that it had been cut off and was lying on the roadside. Officer Neece confirmed that device had been assigned to Defendant. Officer Neece stated that Defendant failed to report as instructed on May 21, 2019. Officer Neece knew that Defendant suffered from mental health issues but had not noticed anything "drastic" about Defendant's mental health when they met.

Teresa Hall, Defendant's grandmother, testified that she was driving Defendant to the hospital to get him admitted to a mental health facility when Defendant "took off out of [her] car." Ms. Hall called Officer Neece and told him she needed his help. She stated that Defendant had been diagnosed with bipolar disorder, schizophrenia, and PTSD. She stated that Defendant had been on medication, and it was her goal to get him into a mental health program where he could receive the help he needed. On cross-examination, Ms. Hall acknowledged that Defendant had previously absconded for six months while on Community Corrections.

Defendant did not testify at his revocation hearing.

The trial court noted that Defendant had cases pending in Virginia. Because of those cases if the trial court released Defendant, Defendant would be taken to Virginia. The trial court found that Defendant had removed his GPS device and had failed to report as instructed. The trial court noted that this is the second time that Defendant had absconded while on Community Corrections. The trial court was concerned about Defendant's mental health but had no resources available with which to address Defendant's mental health. The trial court ordered Defendant to serve the eight-year sentence in confinement. It is from that revocation that Defendant now appeals.

*Analysis*

---

[1] The violation of probation report and warrant also sought revocation of probation in cases S65818, S66410 and S66767. The trial court considered those in the same hearing, but reinstated probation in those cases with the condition that Defendant seek mental health treatment.

Defendant argues that trial court abused its discretion by revoking Defendant's Community Corrections and requiring him to serve his eight-year sentence in confinement. The State argues that the trial court did not abuse its discretion. We agree with the State.

A trial court may revoke a defendant's probation upon its finding by a preponderance of the evidence that the defendant violated a condition of the sentence. T.C.A. § 40-35-311(e) (2019) (prescribing the procedure for probation revocation proceedings). Given the similar nature of a sentence of community corrections and a sentence of probation, the same principles are applicable in deciding whether the revocation of a community corrections sentence is proper. *State v. Harkins*, 811 S.W.2d 79, 83 (Tenn. 1991). Our supreme court has concluded that a trial court's decision to revoke a defendant's community corrections sentence "will not be disturbed on appeal unless . . . there has been an abuse of discretion." *Id.* at 82 (citing *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Shaffer*, 45 S.W.3d at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1) (2019). "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 387 S.W.2d 811, 814 (Tenn. 1965)). When a defendant's community corrections sentence is revoked, the court "may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed." T.C.A. § 40-36-106(e)(4) (2019).

Here, Officer Neece testified that Defendant's GPS was cut off and was found lying beside the road. Officer Neece also testified that Defendant failed to report as instructed. As a result, the trial court found that Defendant had violated the terms of his Community Corrections. The trial court further noted that Defendant had absconded twice from Community Corrections. The evidence does not preponderate against the

finding of the trial court.  Therefore, the trial court did not abuse his discretion. Defendant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
TIMOTHY L. EASTER, JUDGE