IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 19, 2021

## STATE OF TENNESSEE v. BRADLEY DWIGHT BOWEN

**Appeal from the Circuit Court for Montgomery County
Nos. CC2015-CR-695; CC2017-CR-629    William R. Goodman III, Judge**

_____

### No. M2020-01311-CCA-R3-CD

_____

The Defendant, Bradley Dwight Bowen, appeals from the Montgomery County Circuit Court's revocation of his effective nine-year split confinement sentence for convictions for child neglect and possession of methamphetamine. He contends that the trial court abused its discretion in ordering him to serve his sentence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Travis N. Meeks, Clarksville, Tennessee, for the Appellant, Bradley Dwight Bowen.

Herbert H. Slatery III, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Daryl Bailey, District Attorney General; Dan Brollier, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The record does not contain the judgments for the Defendant's conviction offenses, but the probation violation report notes the convictions as "Child Abuse/Neglect/Endangerment 8 years or less" and "Meth-Mfg, Del, Sale, Possess with intent." The Defendant was convicted of these offenses by guilty pleas entered on June 18, 2018, and he was placed on split confinement of one year in jail and the balance on probation.

On December 14, 2018, a probation violation warrant issued, which alleged that the Defendant "failed to report to intake" on November 21, 2018, and that he was arrested for public intoxication on November 23, 2018.

On January 28, 2019, an amended violation warrant issued, which alleged that in addition to the previously described violations, the Defendant was arrested on January 3, 2019, for "Methamphetamine Violation, Simple Possession, Possession of a Firearm, Convicted Felon Going Armed, [and] Unlawful Drug Paraphernalia."

On July 11, 2019, a second amended violation warrant issued, which alleged that in addition to the previously described violations, the Defendant tested positive for amphetamine and methamphetamine on June 5, 2019, which results were confirmed by laboratory testing.

On August 30, 2019, a third amended violation warrant issued, which alleged that in addition to the previously described violations, the Defendant was arrested on July 13, 2019, for being a convicted felon in possession of a firearm.

At the September 3, 2020 revocation hearing, the State offered as evidence video recordings from police cameras of the Defendant's January 3, 2019 arrest. The prosecutor referred to the recordings as having been previously received as evidence at a motion to suppress in another case. The recordings show the following: An officer observed the Defendant after having received a "suspicious vehicle" report. She stopped the Defendant, had him get out of his truck, and frisked him. She recovered a syringe from his pocket, and the Defendant claimed the clothes and syringe belonged to his brother. The Defendant identified himself as "Bradley Bowen." The officer searched the truck's passenger compartment and found a loaded handgun between the two front seats.

The defense did not challenge the admissibility of the recordings but argued that their contents did not meet the State's burden of proof to show a violation of probation. The court found that the Defendant violated the terms of his probation by "being in possession of a firearm and in unlawful possession of drug paraphernalia." The court revoked his probation and ordered him to serve his sentence. This appeal followed.

The Defendant contends that the trial court erred in revoking his probation because the State failed to show that he violated the terms of probation. He notes the absence of witness testimony at the hearing regarding his identity as the person being arrested on the recordings, the lack of authentication of the video recordings, the lack of evidence of field or laboratory tests identifying "the substance" as methamphetamine, the lack of evidence regarding his alleged public intoxication and failure to report, the lack of evidence that he possessed the handgun found in the vehicle shown in the recordings, and the lack of evidence that he had a positive drug test.

Our supreme court has concluded that a trial court's decision to revoke a defendant's probation "will not be disturbed on appeal unless . . . there has been an abuse of discretion."

*State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991) (citing *State v. Williamson*, 619 S.W.2d 145, 146 (Tenn. Crim. App. 1981)). An abuse of discretion has been established when the "record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred." *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); *see State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001); *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978). A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *Shaffer*, 45 S.W.3d at 555 (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)).

When a trial court finds by a preponderance of the evidence that a defendant has violated the conditions of probation, the court "shall have the right . . . to revoke the probation." T.C.A. § 40-35-311(e)(1) (2019). At the time of the Defendant's revocation hearing, a trial court was authorized, after revoking a defendant's probation, to return a defendant to probation with modified conditions as necessary, extend the period of probation by no more than two years, order a period of confinement, or order the defendant's sentence into execution as originally entered. *Id.* §§ 40-35-308(a), (c) (2019) (subsequently amended), -310 (2019) (subsequently amended). "In probation revocation hearings, the credibility of witnesses is for the determination of the trial judge." *Carver v. State*, 570 S.W.2d 872, 875 (Tenn. Crim. App. 1978) (citing *Bledsoe v. State*, 215 Tenn. 553, 387 S.W.2d 811, 814 (Tenn. 1965)).

The trial court found that the Defendant violated his probation by possessing a firearm and possessing drug paraphernalia. Despite the Defendant's arguments regarding the absence of evidence related to other alleged violations, we will limit our review to the bases upon which the court relied in revoking the Defendant's probation. *See State v. Phillip Thomas Wilcox*, No. M2002-00667-CCA-R3-CD, 2003 WL 21047133, at *2 (Tenn. Crim. App. May 9, 2003) ("There need be only one violation of the conditions of . . . probation to support revocation."), *perm. app. denied* (Tenn. Oct. 13, 2003).

We begin, however, with the Defendant's argument that the video recordings were not authenticated as evidence at the hearing. The record reflects that the Defendant did not object at the hearing to the admissibility of the recordings, which had been received as evidence at a prior hearing. "When a party does not object to the admissibility of evidence, . . . the evidence becomes admissible notwithstanding any other Rule of Evidence to the contrary, and the jury may consider that evidence for its 'natural probative effects as if it were in law admissible.'" *State v. Smith*, 24 S.W.3d at 274, 280 (Tenn. 2000) (quoting *State v. Harrington*, 627 S.W.2d 345, 348 (Tenn. 1981)); *see* T.R.A.P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error who failed to prevent or nullify the harmful effect of an error."). In the absence of an objection to their authenticity, the recordings were properly admitted and considered as evidence by the trial court.

The recordings show that the Defendant identified himself to the arresting officer, that the officer found a syringe in the Defendant's pocket, and that a handgun and drug paraphernalia were recovered from the passenger compartment of his truck, in which he had been the sole occupant. *See State v. Prentice Farrell Anderson*, No. W2018-01475-CCA-R3-CD, 2019 WL 5429378, at *3 (Tenn. Crim. App. Oct. 24, 2019) (holding that the evidence was sufficient to establish the defendant's constructive possession of drugs and drug paraphernalia found inside a car in which the defendant was the driver and only occupant), *perm. app. denied* (Tenn. Jan. 14, 2020). As additional evidence of the Defendant's identity, the trial court was able to observe the Defendant's appearance in the recordings and at the hearing.

The record contains substantial evidence to support the trial court's findings that the Defendant violated the terms of his probation. *See Delp*, 614 S.W.2d at 398. The court did not abuse its discretion in revoking the Defendant's probation and ordering him to serve his sentence. *See id.*

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE